# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        Plaintiff,

  v.                                                                           **Case No. 99-CR-168**

**CHARLES HORTMAN,**
        Defendant.

## DECISION AND ORDER

A jury convicted defendant Charles Hortman of drug trafficking, money laundering, and firearm offenses, and on August 23, 2002, I sentenced him to a total of 360 months in prison and a $2000 fine. I did not order immediate payment of the fine but rather indicated that he should participate in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP") while incarcerated; on release, I ordered defendant to pay any balance of the fine at a rate of not less than $50 per month. The Seventh Circuit affirmed defendant's convictions and sentence on direct appeal, United States v. Hortman, 82 Fed. Appx. 476 (7th Cir. 2003), and I later denied his collateral attack under 28 U.S.C. § 2255, Hortman v. United States, No. 05-C-0308, 2006 WL 120350 (E.D. Wis. Jan. 17, 2006).

In 2009, while detained at FCI-Oxford, defendant filed an action under 28 U.S.C. § 2241 challenging the BOP's execution of the IFRP in his case. Judge Crabb denied the petition, finding that the BOP acted within its authority, and that I did not err in failing to set a payment schedule during the period of incarceration. Hortman v. Holinka, No. 09-cv-220, 2009 WL 1394167, at *1 (W.D. Wis. May 15, 2009) (citing United States v. Sawyer, 521 F.3d 792, 795 (7th Cir. 2008)).

On August 13, 2012, defendant filed in this court a motion asking that I either (1) stay his fine payments until his release from prison or (2) allow him to make quarterly payments of $25 directly to the court. He indicated that it had been financially difficult for him to make payments on his fine; that he had made requests to prison administration regarding his financial difficulty and need of UNICOR employment (which would allow him to make more than $5.25/month); and that over-crowding at FCI-Victorville, where he is currently housed, had caused a lack of better paying employment for many inmates such as himself. I ordered the government to respond, and in a September 24, 2012 letter the government advised that payments should be left to the BOP's determination.

Under 18 U.S.C. § 3572(d)(3),

A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

This statute permits the district court to modify a payment schedule based on a criminal defendant's showing of "economic hardship." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Some courts have found that this includes the authority to defer fine or restitution payments during the period of confinement upon a showing of changed economic circumstances. See, e.g., United States v. Iles, No. 01 CR 852-6, 2004 WL 1794477, at *2 (N.D. Ill. Aug. 5, 2004); United States v. Bowles, No. 98 CR 1281, 2003 WL 21396691, at *1 (S.D.N.Y. June 16, 2003) (citing United States v. Golino, 956 F. Supp. 359, 366 (E.D.N.Y. 1997)). Cf. United States v. Ram, No. 93-CR-1046, 2011 WL 4916918, at *1 (E.D.N.Y. Oct. 13, 2011) (finding that the court lacks authority to defer payment under § 3572 when the fine

2

was due immediately rather than in installments).

Because I allowed defendant to pay his fine in installments, rather than requiring immediate payment, § 3572(d)(3) would permit modification of the schedule. However, defendant fails to establish economic hardship or changed economic circumstances warranting such action. He complains about the lack of good paying UNICOR jobs, but he does not allege that he lacks any employment opportunities, that he is unable to work, or that the BOP fails or refuses to account for income level in setting IFRP payments. See 28 C.F.R. § 545.11(b). Nor does he provide any information as to the impact of required IFRP payments on his financial condition or how that condition has changed. Therefore, his request for payment deferral will be denied.

Defendant's request that the court set a payment schedule will also be denied. As the Seventh Circuit has noted, "Prison earnings and other transactions concerning prison trust accounts are so completely within the Bureau of Prisons' control that it would be pointless for a judge to tell the convict how much to pay a month." Sawyer, 521 F.3d at 795. Accordingly, the district court's payment schedule "need not, and as a rule should not, begin until after the defendant's release from prison. Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices." Id. at 796.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 648) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3